IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

NATHAN FERRIS STRIEGEL                                                                    PLAINTIFF

v.                                    Case No. 6:24-cv-06078

MS. PETERSON, Kitchen Staff, Omega
Center; SGT. COULER, Omega Center; and                           DEFENDANTS
SGT. WINDSTEIN, Omega Center

## ORDER

Before the Court is the Report and Recommendation filed on July 23, 2024, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 7).  Plaintiff Nathan Ferris Striegel ("Plaintiff") filed an objection.  (ECF No. 9).  The Court finds the matter ripe for consideration.

## I.    BACKGROUND

On May 31, 2024, Plaintiff filed this action under 42 U.S.C. § 1983 in connection with his time at the Omega Supervision Sanction Center ("Omega Center").  (ECF No. 1).  Plaintiff alleges that on May 19, 2024, he bit into a piece of metal while eating dinner served by Defendant Peterson at the Omega Center.  Plaintiff alleges that the metal "hurt [his] mouth" and that he requested medical care.  Plaintiff alleges that Defendant Windstein "looked in [Plaintiff's] mouth" and "said he did not see no blood to put in a sick call[.]" (ECF No. 1, at 9).  Plaintiff alleges that his mouth "hurt" and that he "clearly need[ed] to be seen by [a] medical" professional at the time of the incident. (ECF No. 1, at 9).  Plaintiff alleges that all Defendants denied Plaintiff medical care after he bit the piece of metal.  (ECF No. 1, at 8).  Plaintiff does not describe the metal object or any injury to his mouth.  He does not indicate in his complaint whether he placed a sick call to have his mouth examined.

Plaintiff asserts claims of denial of medical care and cruel and unusual punishment under the Eighth Amendment against all Defendants in their official and personal capacities. (ECF No. 1, at 4-6). Plaintiff seeks compensatory and punitive damages in the amount of $1 million dollars. (ECF No. 1, at 17).

On July 23, 2024, Judge Ford conducted a preservice screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and issued the instant Report and Recommendation. (ECF No. 7). Judge Ford makes three recommendations. First, he recommends that the Court dismiss Plaintiff's official capacity claims against all Defendants. Second, he recommends that the Court dismiss Plaintiff's claim that there was a foreign object (metal) in his food pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. Third, he recommends that the Court dismiss Plaintiff's denial of medical care claim pursuant to § 1915A(b)(1).[1] On August 5, 2024, Plaintiff filed a timely objection to Judge Ford's recommendations. (ECF No. 10).

## II. DISCUSSION

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.1(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

---

[1] Judge Ford also recommends that the Clerk be directed to place a 28 U.S.C. § 1915(g) strike flag on the case for future judicial consideration and that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith. (ECF No. 7, at 6).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). "When conducting a *de novo* review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1045 (8th Cir. 1989) (citations omitted). The Court will conduct a *de novo* review in this case because Plaintiff filed timely and specific objections to the Report and Recommendation. (ECF No. 10).

The Court will begin by addressing the recommendations for Plaintiff's official capacity claims. The Court will then address Plaintiff's claim that there was a metal object in his food and Plaintiff's denial of medical care claim.[2]

### A. Official Capacity Claims

Judge Ford recommends that the Court dismiss Plaintiff's official capacity claims against all Defendants because these claims are barred by sovereign immunity. Plaintiff does not address this recommendation in his objection. Nevertheless, the Court has conducted a *de novo* review and agrees with Judge Ford that Plaintiff's official capacity claims are barred by sovereign immunity.

---

[2] The Court notes that Plaintiff states in his objections that he tried to submit evidence, but it was returned. (ECF No. 9, at 2). At this stage of litigation, the Court need not consider Plaintiff's evidence to determine whether Plaintiff's complaint states a claim upon which relief may be granted because the Court accepts all of the factual allegations contained in Plaintiff's complaint as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* 28 U.S.C. § 1915A. The Court also notes that Plaintiff objects to the time frame he had to file his objections to the Report and Recommendations. Plaintiff states that he received the Report and Recommendations on August 2, 2024—seven days before the August 9, 2024, deadline for objections. (ECF No. 9, at 2). The Court notes that Plaintiff timely filed his objections on August 7, 2024.

Plaintiff brings official capacity claims against all Defendants in their role as employees of the Omega Center. A defendant may be sued under § 1983 in his individual or official capacity, or both. *See Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Thus, an official capacity claim against the Defendant employees of the Omega Center is essentially a claim against the Omega Center, an Arkansas state agency. *See Fegans v. Norris*, 351 Ark. 200, 206, 89 S.W.3d 919, 924 (2002).

The Eleventh Amendment bars suits "brought in federal court against a state, state agency, or state officials acting in their official capacities," unless Congress has abrogated the state's immunity, the state has waived its immunity, or the *Ex Parte Young* doctrine applies. *Gordon v. Board of Trustees of the University of Arkansas*, 168 F. Supp. 3d 1148, 1153 (E.D. Ark. 2016) (citing *Seminole Tribe v. Florida*, 517 U.S. 44, 74 (1996)). None of these exceptions apply in Plaintiff's case. *See Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) ("Congress did not abrogate constitutional sovereign immunity when enacting … section 1983."). Accordingly, the Court finds that Plaintiff's official capacity claims are barred by sovereign immunity and must be dismissed.

### B.  Metal Object in Food

Plaintiff alleges that he bit a piece of metal while eating food he was served by Defendant Peterson at the Omega Center. Plaintiff further alleges that the metal "hurt [his] mouth." (ECF No. 2, at 8). In his Report and Recommendation, Judge Ford finds that Plaintiff only alleged an isolated incident of finding a foreign object in his food, which does not rise to the level of a constitutional violation. Accordingly, Judge Ford recommends dismissal of Plaintiff's claim pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff objects, asserting that he stated in his complaint that he did bite the metal and consequently hurt his mouth and tooth. (ECF No. 9, at 1). Plaintiff also asserts that he "did not

know what kind of metal it was or where it came from" because Defendant Peterson took it away to take photos and make a report.  (ECF No. 9, at 1).

The Eighth Amendment prohibits the infliction of cruel and unusual punishment.  *Hamm v. DeKalb County*, 774 F.2d 1567, 1572 (11th Cir. 1985).  A state may violate the Eighth Amendment "if they fail to provide prisoners with reasonably adequate food, clothing, shelter, and sanitation."  *Id.* (citations omitted).   Thus, the Eighth Amendment gives prisoners the right to "nutritionally adequate food."  *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992).  However, "the fact that the food occasionally contains foreign objects . . . does not amount to a constitutional deprivation."  *Hamm*, 774 F.2d at 1575; *see Wishon*, 978 F.2d at 449 (holding that the district court did not err by granting summary judgment to prison officials when the prisoner alleged that he was often served food contaminated with foreign objects).

Plaintiff does not allege in his complaint, or assert in his objections, anything more than that he was served food that contained a piece of metal on one occasion.  Finding a foreign object in one's food once does not amount to a constitutional deprivation.  *See Hamm*, 774 F.2d at 1575; *see Wishon*, 978 F.2d at 449.  Accordingly, the Court agrees with Judge Ford's finding that Plaintiff failed to allege a constitutional violation on this claim.

**C.  Denial of Medical Care**

Judge Ford finds that Plaintiff failed to allege facts establishing that he had an objectively serious medical need because he did not provide details about his alleged injury, because the facts did not indicate that his need for medical attention was obvious to a layperson, and because he did not claim that he suffered detrimental effects to his mouth due to the lack of medical attention.

Plaintiff objects, arguing that he did state in his complaint that he hurt his "mouth and tooth" after biting the metal.  (ECF No. 9, at 1).  Plaintiff also asserts that Defendant Windstein's inspection of Plaintiff's mouth and subsequent denial of immediate medical care should not be

relied upon because Defendant Windstein is not a "[doctor,] nurse or dentist." (ECF No. 9, at 1). Rather, Plaintiff argues that Defendant Windstein violated his right to medical care by instructing him to "put in a sick call when [he] clearly . . . needed to be seen by medical." (ECF No. 9, at 1).

The Eighth Amendment prohibition of the infliction of cruel and unusual punishment includes the deprivation of medical care. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). To prevail on a claim for deprivation of medical care, "an inmate must show that the prison official was deliberately indifferent to the inmate's serious medical needs. This requires a two-part showing that (1) the inmate suffered from an objectively serious medical need, and (2) the prison official knew of the need yet deliberately disregarded it." *Id.* (omitting internal citations).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Id.* (citing *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995)). Considering both Plaintiff's complaint and objections, the Court finds that Plaintiff's medical need was not a serious one. *See e.g., Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004) (finding that evidence of "extreme pain from loose and infected teeth, which caused blood to seep from his gums, swelling, and difficulty sleeping and eating" constituted a serious medical need that would have been obvious to a layperson). In his complaint, Plaintiff alleges only that he "hurt" his mouth, providing no further details about the extent or severity of his alleged injury. (ECF No. 1, at 8). Plaintiff does not detail his injury in his objections beyond that he hurt his "mouth and tooth." (ECF No. 9, at 1).

Additionally, the fact that Defendant Windstein—a lay person—inspected Plaintiff's mouth and concluded that no medical attention was necessary supports the finding that Plaintiff's need was not a serious medical need. Plaintiff objects that Defendant Windstein was not a "[doctor,] nurse, or dentist." (ECF No. 9, at 1). However, the standard of a serious medical need

is *either* "one that has been diagnosed by a physician as requiring treatment" *or* "one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *See Schaub*, 638 F.3d at 914. The fact that Defendant Windstein is not a "[doctor,] nurse, or dentist" makes him a layperson. Thus, the Court finds that Plaintiff's allegations that his mouth and tooth only "hurt," and that Defendant Windstein saw nothing obviously wrong, without more, do not rise to the level of a serious medical need. Accordingly, the Court agrees with Judge Ford's finding that Plaintiff failed to allege facts to support his denial of medical care claim.

## III.    CONCLUSION

Upon *de novo* review of all specific objections, the Court overrules Plaintiff's objections and adopts the Report and Recommendation (ECF No. 7) *in toto*. Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted.

The Clerk of Court is **DIRECTED** to place a § 1915(g) strike flag on the case for future judicial consideration. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**IT IS SO ORDERED**, this 25th day of November, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge